IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| KEVIN LEPAUL BECK, ET AL § | |
| § | |
| VS. § | CIVIL ACTION NO. _____ |
| § | |
| A & L INDUSTRIAL SERVICES, INC.; § | |
| AEROTEK, INC.; § | |
| BAKER CONCRETE CONSTRUCTION, INC.; § | |
| BRAND ENERGY AND § | |
| INFRASTRUCTURE SERVICES, INC.; § | |
| BROCK SERVICES, LTD.; § | |
| CAJUN CONSTRUCTORS, INC.; § | |
| CAR-BER TESTING TEXAS, LLC; § | |
| COASTAL INDUSTRIAL SERVICES, INC.; § | |
| ECONOMY INSULATION CO., INC.; § | |
| EMPIRE SCAFFOLD, LLC; § | |
| INSULATIONS, INC.; § | |
| INTEGRATED ELECTRICAL SERVICES, INC.; § | |
| ISC GROUP, INC.; § | |
| MASON CONSTRUCTION, LTD.; § | |
| ORBITAL INDUSTRIAL INSULATION CORP.; § | |
| PCL INDUSTRIAL CONSTRUCTION CO.; § | |
| PERFORMANCE CONTRACTORS, INC.; § | |
| RMF NOOTER, A SUBSIDIARY OF § | |
| NOOTER CONSTRUCTION COMPANY; § | |
| S & B ENGINEERS AND CONSTRUCTORS § | |
| LTD; § | |
| TETON, LTD., A PCL COMPANY; § | |
| TOTAL INDUSTRIAL PLANT SERVICES, INC.;§ | |
| TRACER INDUSTRIES MANAGEMENT § | |
| CO., INC.; § | |
| TURNER INDUSTRIES GROUP, LLC § | |

**PLAINTIFFS' ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, MICHELLE GARCIA; ELIDA PAILLA-MENDOZA; OMAR HERNANDEZ GARZA; LEONEL BALDERAS MARTINEZ; JOSE LUIS GARZA; KEVIN LEPAUL BECK; ALFRED LEON DEAN; ALDO SANCHEZ; EFRIM ALBER CLARK;

JOSE LUIS ROSAS; ANTHONY JEROME JOHNSON; AARON RAYSHUN BARZAR; JUAN CARLOS OJEDA; REGINALD L. FENTROY; GERALD ANTOINE BATISTE; VAKEISHA CHANTEL ISADORE; MICHAEL WAYNE MANUEL; CESAR CORONA SALAS; DANIEL RAY NICHOLS; JULIO CRUZ VALENCIA; FABIAN R. MATA-ARROYO; DAVID ALLEN RONQUILLE; ERNEST LEON MITCHELL, JR.; ROBERT LEE ZENO; LAZARO R. VILLASANA; ROLANDO HERNANDEZ; MANUEL LOUIS SANCHEZ; ELGIE WALTERS, JR.; JERRY LEE MITCHELL, JR.; WARDELL GIBSON JONES; JOEL TORRES-EXPOSITO; LATISHA DARRINGTON JACKSON; YUNEXI TORRES-EXPOSITO; GIRALDO FERNANDO;  ROBERT JEFFERY STEVENS; JAMARQUS DEVONTE JONES; JOHN HARVEY CORBIN, JR.; EDUARDO J MARES; SERGIO LUIS SAENZ; MARIO ALBERTO HERNANDEZ; BETHSY DOMINGUEZ-MORALES; JUAN ANTONIO GARZA; NICASIO VILLARREA ELIZONDOL; LAWRENCE JAY THOMAS-JORDAN, JR.; ANSELMO GARZA MARTINEZ; TROY LOPEZ TYSON; MARIA ANTONIA CORBALAN-PENA; GUILLERMO VIVAR-GINARTE; JEREMY KEITH DARRINGTON; MICAH KEITH AUGUST; MARVIN RAMON MENDOZA; PHILLIP SIMON BATTLES, JR.; ANDRE F. WHITE; OMAR GUADALUPE BRIONES; JARRETT FITZGERALD TOWERS, JR.; YONGUE JOHN GROGAN; ESTEBAN VILLARREAL URIBE; HERIBERTO VILLARREAL URIBE, JR.; BONIFACIO GUTIERREZ;  JUAN MANUEL ORNELAS-HEREBIA; RICARDO GARCIA MENDEZ; JERMEY ANDRUS; JOSEPH NICHOLAS LAMB; MAGDIER VARGAS-VALDES; SALVADOR MARTINEZ, JR.; PRECIOUS LAWANNA WILLIAMS; TERRENCE GASAWAYS DIXON; EUNESHA MARIEE LEDAY; CLIFFORD MATTHEW ADAMS; WILLIE WAYNE EAGLIN;  VICTOR MANUEL ANDRADE; CARLOS RANCHELL EVANS; MICHAEL J. SCHAMBURGE; KATHY ANN SIMPSON; THOMAS

LEE MARTIN; REYNOLDO GARZA, JR.; CESAR A. GARCIA; ZAUL R. GARCIA; FELIPE PERERA LEON; EDUARDO HERNANDEZ; HECTOR JAVIER GARCIA VEGA; MAURICIO BLODIMER PINEDA; ISRAEL VITAL; JOSE DE-LA-CRUZ MUNERA; RAUL PEREZ, JR.; MANUEL ALANIZ RIOS; SERGIO GUAJARDO ZAPATA; AGUSTIN DIAZ; LESLIE BOYD SIMPSON; MAXIMINO BARRERA-LANDAVERDE; CYNTHIA LANGFORD ZENO; MARLIN RAY THEIS; JOSE ARIEL SANCHEZ; DAMIAN ALEX MANUEL; ANDRE PRICE; CHRISTOPHER JUNIOR FONTENOT; ANTHONY P. ORPHEY; JOSHUA GARRIN STANLEY; FELIPE MORUA, JR.; CARMEN MARIA GONZALEZ-GARCIA; RONALD MCGOWIN; ERNESTO ADRIANO-FAVELA; VERNON LEE ELLIOTT; SHADRICK DONTA JACKSON; PAUL BARRIERE, III; JACDRICK LILTROYMIA ARLINE ; BRITTANY NICOLE DYSON; SHAQUANA JANEA WILLIAMS; LANCE LEWIS; CALVIN JOSEPH LAZARD; CALIXTO COLE; ELLIOTT CHARLES WILLIAMS, JR.; DARWIN KEITH BRIDGES; CRISTOBAL SANCHEZ PULIDO; MICHAEL GARCIA; OCTAVIUS TRIMAINE BEANER; DERRICK DEWAYNE BEAVERS; CHADRICK DEWAYNE KEITH; NOE CONCEPCION SERNA; RODERICK LOUIS WILLIAMS; GUSTAVO ADOLFO SYMONDS; DENNIS RODRICK WILSON; DANIEL REED DELGADO; MELVIN COPELAND; JAIME LONGORIA; WILLIAM GEORGE REDMOND IV; JAIME VLADIMIR MACIAS; RICARDO LEOS; JAMES L. SANDERS, III; ARMANDO ANDRADE RODRIGUEZ; ROSSY ANDERSON DAVIS; JERRY WAYNE YOUNG, JR.; GUSTAVO GONZALEZ, JR.; DANIEL M. GONZALEZ; ASHLEY WARREN BOLTON; MITCHEL BRYANT CASE-BUCKLE; MICHAEL JUDE MOSLEY; JESUS ANTONIO RODRIGUEZ; OMAR SANCHEZ; APOLONIO R. SALINAS; FABIAN G. RICO; MIGUEL ANGEL BARRERA; FRANCISCO ZARAGOSA; ABRAHAM AARON SALAZAR; ROBERT LEROY CARMICHAEL; TOMAS EDUARDO

ALVAREZ; SALOME ACOSTA-AGUIRRE; JARED LEE GRISHAM; ALFREDO GUERRERO LOPEZ; JOSE DELAPAZ MENDOZA; MANUEL LUNA JUAREZ; FRANCISCO MARTINEZ; ERIC O. ACOSTA; KEVIN ANDRE GOODE; NORRIS EARL GREEN, JR.; DAVID GEOVANY FLORES; CARL NASH MACFARLANE; RANSON BLUE MACFARLANE; VALSON JACKSON SIMS, JR.; DAVID ALLEN BERNARD; JOSE LUIS GONZALEZ-RODRIGUEZ; CHRISTOPHER LEE WILLIAMS; JAIRO AGUILLON; ALEJANDRO AGUILLON-QUINTANILLA; MOSES ALBERT WALKER V.; RICHARD LOUIS TELLES, II; IGNACIO RODRIGUEZ CUELLAR; BRYAN KEITH BARCLAY, JR.; BRITTANY BACON BARCLAY; CYRILLE MITCHEL, JR.; RAUL RODRIGUEZ RIOS; NORMAN NOEL CARTER; KENNETH THEO BENOIT; FRANK DAVID HOLDEN; JOHN THOMAS NORTON, JR.; ELBANN ANTRAKEISHA BURRELL; JESSICA MIRANDA OWENS; TODD JOSEPH BROUSSARD; CHARLES ORAN HORN; MIGUEL DICARIO; KENNETH RAY ZENO; BENJAMIN JOSPEH MINCHEW; WILBUR H. SANDERS; CHAD ALAN PARKER; JASON PAUL DELCAMBRE; WILLIAM J. BOUDREAUX; JAIME A. MEMBRENO; JIMMY LEON KELLEY; LIONEL GARCIA; MARK ELLIOT LEBOUEF; CLAUDE MARKHAM STEPHENSON; IVORY KENTON BROOKS; BLAKE WAYNE HEBERT; MARK STEVEN VICTOR; JOSE LUIS SALAZAR; RHONDA LUCILL GORDON; RAFAEL TORRES ZEPEDA; RONALD LEE HOLLIE, JR.; ROBERT LEE RAMSEY, II; RUSSELL JOHN SANDERS, III; MICHAEL ANTHONY BONIN; PERRY JACOB BONIN; MARIO ALBERTO LOZANO; JOEL SHIVRAM; FARRAH LATRICE MCCURLEY; MCKINLEY TAYLOR, JR.; JUAN DEDIOS DELAGARZA; FRANCISCO JAVIER AGUIRRE, JR.; STEPHON FOSTER; ANN M. HEBERT; JUAN JAVIER RODRIGUEZ; PAUL JAMES GOBEA; CIPRIANO SOLIS-RIOS; ROBERTO ABEL MORALES; DANIEL CONTRERAS;

ANDRE LAVELLE WHITE; MICHAEL BLAINE BROWN; HENRY ALEJANDRO GONZALEZ; HECTOR SOLIS-GUTIERREZ; OCTAVIANO PEREZ; MARTIN ARGUELLO; GERARDO SOLIS; ALFONSO B. TAMEZ; IVAN CAVAZOS; ARMANDO LOZANO; RAYMUNDO ZUNIGA-MALDONADO; CARLOS ADRIAN CIENFUEGOS; JUAN ANGEL TREVINO; JAVIER LOPEZ GARZA; JOEL JUAREZ VAZQUEZ; EFRAIN VAZQUEZ; PAMELA ANDERSON; CHRISTOPHER DARRAL MOORE; FERNANDO BARTOLO ARDINES; ALBERT DAVID SIMON, JR.; SERGIO STARDO NAVA; JOSE CARDENAS MARTINEZ; JESSE C. RAMIREZ; CHANCE MARTIN; CRAIG HIGH; JOSE GUARDALUPE YANEZ; LINDA C. MAY; LIONEL NORTH; HARRISON KREIFELS; ROGER MICHAEL DURGIN, JR.; SOLOMON EVERFIELD, III; BRIAN KEITH MILTON; KENNETH LIONEL DEAN; JAMISON ANSUL FAIRCHILD; SHANA LEE LEBOUFF; CHELSEA LYNN MCINTYRE; ISMENIA I. ROQUE; RAMIRO GUIZAR MUNGUIA; CARLOS EDUARDO SYMONDS; GUSTAVO ADOLFO SYMONDS, JR.; MELVIN EUGENE WILLIAMS;  ISMAEL REYNOSO; RAYMUNDO URIOSTEGUI-CHAVEZ; URIE REYES; ROLANDO ALANIS; LUIS RIVERA AVALOS; CARLOS ESPINOZA OROZCO; OCTAVIO GUERRERO RUEDA; MARIO Q. BAEZA; JORGE BUSTAMANTE; JAVIER LEVARIO CERVANTES; JOSE LUIS RODRIGUEZ-LIRA; JUAN RUBEN RODRIGUEZ;  JESUS CIPRIANO LOPEZ; GERARDO REYNOSO; ANGEL BALDERAS-TAVERA; DAVID AVENDANO GUTIERREZ; JOSE ALFREDO BALDERAS; BONIFACIO CHAVEZ; HECTOR ARNULFO LOZANO, JR.; FELIX ALCOLEA SAINZ; LEONARDO GARZA; TOMAS GARZA-GRACIA; DAVID CARRION DEJESUS; JESUS CANTU; FRANCISCO HINOJOSA RIOS; PEDRO OMAR RIOS; ANDREW LOPEZ BALDEZ; JORGE DEJESUS GONZALEZ; JORGE F. BAEZA; JUAN F. GUERRERO-VILLAFRANCA; MARIA GUADALUPE PANTOJA; JUAN JOEL PINON-

AGUILAR; MONICA VERENICE GARCIA; NAZARIA MARGARITA SAUCEDA;  ISAAC CUELLAR; SILVIA ANGELICA MERCADO;  ALEJANDRO J. MONTEJANO; BLANCA ROSA ESCALERA;  JORGE A. BAEZA;  PEDRO GONZALEZ ALVAREZ;  ELDON ZUBIATE ESCUDERO; CARLOS MARIO CARREON; RENE GARZA, JR.; OSCAR HUGO SANCHEZ; JESUS MARTIN GONZALEZ;  ARISTEO DELEON, JR.; JOSUE LOERA-GARZA; CARLOS JAIRO ZUBIATE; EUGENIO G. SOTO; MARIA DELCARMEN NIAVES;  JORGE  CERVANTES;  MARCO  MANZANO;  CHARLES  CECIL CUNNINGHAM; FELIX HURTADO BARRIGA; GREGORY PAUL SONNIER; MELITON ORTIZ MARBAN; PORFIRIO BENTANCOURT; CEDRA BARRY GOBERT; ALLEN SEMIEN, JR.; RAYMOND W. BROWN; CLIFFORD WILBORNE MORAN; ERIBERTO ARANA; PASCUAL ARMANDO MONTOYA, JR.;  ANTHONY LAWRENCE BARRY; JASON LEE SIMON; JOHN RICHARD, JR.; FRANCISCO OMAR TORRES; JADA LEANN CHRISTENSON; FIDELMAR RODRIGUEZ; ROBERT HENRY MOORE; DELIA MACIAS GONZALEZ; MARCUS WEATHERSPOON;  SENNIE LEE HAGAN; RUSSELL WAYNE MCCAULEY; LYLE DEAN DESKIN; JONATHAN BRADLEY MARTINDALE; CEDRIC DANIEL ROGERS; VAN DIEP NGUYEN; BENITO ORTIZ TELLEZ; RUSSELL RENE COFFEY; MICHAEL CASTELLANOS; RICKY LYNN ODELL; RUSSELL ALLEN ROBERTS; RHONDA FAYE DUROUSSEAU; MARIO PANTOJA FLORES; JOSEPH W. BLOODWORTH; MARTIN ORTEGA MARTINEZ; BILLY FRANK SWEARINGEN ; JAIME CONTRERAS; ERICK M. SANTOS; ANTHONY LAWRENCE BARRY, JR.; PATRICK DWAYNE FLANAGAN; HELEN MARIE LOWE; JUAN MANUEL BECERRA; HECTOR M. BARAJAS; BULMARO HERNANDEZ; JORGE ALBERTO GARZA; MARTIN RIOS GARCIA; SOPHIA LASHAWN LINDSEY;  AMOS WALLACE; VICTOR JESUS ROQUE; LATASHA LIANNE SUMESNIL; STEVE CABELLERO;  RANDY

ZERTUCHE GARCIA; DANIEL LEDEZMA; HECTOR JUAN VIERA, JR., CRISTIAN VIERA, and, JESUS ODILON ZUNIGA, Plaintiffs, complaining of and against A & L INDUSTRIAL SERVICES, INC.; AEROTEK, INC.; BAKER CONCRETE CONSTRUCTION, INC.; BRAND ENERGY AND INFRASTRUCTURE SERVICES, INC.; BROCK SERVICES, LTD.; CAJUN CONSTRUCTORS, INC.; CAR-BER TESTING TEXAS, LLC; COASTAL INDUSTRIAL SERVICES, INC.; ECONOMY INSULATION CO., INC.; EMPIRE SCAFFOLD, LLC; INSULATIONS, INC.; INTEGRATED ELECTRICAL SERVICES, INC.; ISC GROUP, INC.; MASON CONSTRUCTION, LTD.; ORBITAL INDUSTRIAL INSULATION CORP.; PCL INDUSTRIAL CONSTRUCTION COMPANY; PERFORMANCE CONTRACTORS, INC.; RMF NOOTER, A SUBSIDIARY OF NOOTER CONSTRUCTION COMPANY; S & B ENGINEERS AND CONSTRUCTORS LTD; TETON, A PCL COMPANY; TOTAL INDUSTRIAL PLANT SERVICES, INC.; TRACER INDUSTRIES MANAGEMENT CO., INC.; and, TURNER INDUSTRIES GROUP, LLC, Defendants, for causes of action and alleges as follows:

## I. JURISDICTION

1.1   This is an action under the Fair Labor Standards Act of 1938, as amended, 29 USC 201 *et seq*. (hereinafter "the FLSA").  Jurisdiction of this action is conferred on the Court under Section 16(b) of the FLSA (29 USC 216(b)), by the provisions of 28 USC 1337, and by 28 USC 1331.

## II. VENUE

2.1   Venue is proper pursuant to 28 U.S.C. § 1391(b), as the Eastern District of Texas is the judicial district in which a substantial part of the events giving rise to the claims occurred.

## III.  PARTIES

3.1     Plaintiffs appear in this action on behalf of themselves, and all those that are similarly situated.

3.2     Defendant, A & L INDUSTRIAL SERVICES, INC., is a company doing business in the state of Texas and may be served with process by serving its registered agent for service in the state of Texas: **Joe Swindoll, 11358 Easttex Freeway, Houston, Texas 77093** and/or by serving the president or any officer or any other administrative employee personally at the Defendant's place of business at: **1728 North Hwy 146, La Porte, Texas 77571.**

3.3     Defendant, AEROTEK, INC., is a company doing business in the state of Texas and may be served with process by serving its registered agent for service in the state of Texas: **Prentice Hall Corporation System, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.**

3.4     Defendant, BAKER CONCRETE CONSTRUCTION, INC, is a company doing business in the state of Texas and may be served with process by serving its registered agent for service in the state of Texas: **National Registered Agents, Inc., 1021 Main Street, Suite 1150, Houston, Texas 77002.**

3.5     Defendant, BRAND ENERGY AND INFRASTRUCTURE SERVICES, INC., is a company doing business in the state of Texas and may be served with process by serving its registered agent for service in the state of Texas: **C T Corporation System, 350 N. St. Paul St., Suite 2900, Dallas, Texas 75201-4234.**

3.6     Defendant, BROCK SERVICES, LTD., is a company doing business in the state of Texas and may be served with process by serving its registered agent for service in

the state of Texas: **Capitol Corporate Services, Inc., 800 Brazos, Suite 400, Austin, Texas 78701.**

3.7  Defendant, CAJUN CONSTRUCTORS, INC., is a company doing business in the state of Texas and may be served with process by serving its registered agent for service in the state of Texas: **CT Corporation System, 350 N. St. Paul St., Ste. 2900, Dallas, Texas 75201-4234.**

3.8  Defendant, CAR-BER TESTING TEXAS, L.L.C., is a company doing business in the state of Texas and may be served with process by serving its registered agent for service in the state of Texas: **C T Corporation System, 350 N. St. Paul St., Suite 2900, Dallas, Texas 75201.**

3.9  Defendant, COASTAL INDUSTRIAL SERVICES, INC., is a company doing business in the state of Texas and may be served with process by serving its registered agent for service in the state of Texas: **Christene D. Sonnier, 7662 Roger St., Orange, Texas 77632.**

3.10  Defendant, ECONOMY INSULATION CO., INC., is a company doing business in the state of Texas and may be served with process by serving its registered agent for service in the state of Texas: **Pete Steele, 3120 Central Mall Drive, Port Arthur, Texas 77642.**

3.11  Defendant, EMPIRE SCAFFOLD, LLC, is a company doing business in the state of Texas and may be served with process by serving its registered agent for service in the state of Texas: **Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701.**

3.12  Defendant, INSULATIONS, INC., is a company doing business in the state of Texas and may be served with process by serving its registered agent for service in the

state of Texas: **C T Corporation System, 350 N. St. Paul St., Suite 2900, Dallas, Texas 75201-4234.**

3.13   Defendant, INTEGRATED ELECTRICAL SERVICES, INC., is a company doing business in the state of Texas and may be served with process by serving its registered agent for service in the state of Texas: **C T Corporation System, 350 N. St. Paul St., Suite 2900, Dallas, Texas 75201-4234.**

3.14   Defendant, ISC, GROUP, INC., is a corporation doing business in the state of Texas and may be served with process by serving its registered agent for service in the state of Texas: Terry L. Hill, 3100 Monticello, Suite 800, Dallas, Texas 75205.

3.15   Defendant, MASON CONSTRUCTION, LTD., is a company doing business in the state of Texas and may be served with process by serving its registered agent for service in the state of Texas: **Charles E. Mason, Jr., 6285 Walden Road, Beaumont, Texas 77707.**

3.16   Defendant, ORBITAL INDUSTRIAL INSULATION CORP., is a company doing business in the state of Texas and may be served with process by serving its registered agent for service in the state of Texas: **James E. Wimberley, 3120 Central Mall Drive, Port Arthur, Texas 77642.**

3.17   Defendant, PCL INDUSTRIAL CONSTRUCTION CO., is a company doing business in the state of Texas and may be served with process by serving its registered agent for service in the state of Texas: **National Registered Agents, Inc., 1021 Main Street, Suite 1150, Houston, Texas 77002.**

3.18   Defendant, PERFORMANCE CONTRACTORS, INC., is a company doing business in the state of Texas and may be served with process by serving its registered

agent for service in the state of Texas: **C T Corporation System, 350 N. St. Paul St., Suite 2900, Dallas, Texas 75201-4234.**

3.19    Defendant, RMF NOOTER, A SUBSIDIARY OF NOOTER CONSTRUCTION COMPANY, is a company doing business in the state of Texas and may be served with process by serving its registered agent for service in the state of Texas: **C T Corporation System, 350 N. St. Paul St., Suite 2900, Dallas, Texas 75201-4234.**

3.20    Defendant, S & B ENGINEERS AND CONSTRUCTORS, LTD, is a company doing business in the state of Texas and may be served with process by serving its registered agent for service in the state of Texas: **C T Corporation System, 350 North St. Paul Street, Suite 2900, Dallas, Texas 75201-4234.**

3.21    Defendant, TETON, LTD., A PCL COMPANY, is a company doing business in the state of Texas and may be served with process by serving its registered agent for service in the state of Texas: **Michael H. Neufeld, 218 N. Broadway, Suite 204, Tyler, Texas 75702.**

3.22    Defendant, TOTAL INDUSTRIAL PLANT SERVICES, INC., is a company doing business in the state of Texas and may be served with process by serving its registered agent for service in the state of Texas: **Daniel E. Mabry, 595 Orleans, Suite 1400, Beaumont, Texas 77701.**

3.23    Defendant, TRACER INDUSTRIES MANAGEMENT CO., INC., is a company doing business in the state of Texas and may be served with process by serving its registered agent for service in the state of Texas: **C T Corporation System, 350 N. St. Paul St., Suite 2900, Dallas, Texas 75201-4234.**

3.24    Defendant, TURNER INDUSTRIES GROUP, LLC, is a company doing business in the state of Texas and may be served with process by serving its registered

agent for service in the state of Texas: **C T Corp System, 350 N. St. Paul St., Suite 2900, Dallas, Texas 75201-4234.**

## IV.  FACTUAL ALLEGATIONS

4.1.   During various time periods, Plaintiffs ("the employees") performed work at the Motiva Port Arthur, Texas SBU2 Crude Expansion Project (hereinafter referred to as "the Motiva job").  Each day, Plaintiffs were required by Defendants to report for work at a certain location whereupon Plaintiffs were to get on a bus and be transported to the Motiva facility.  Later, Plaintiffs would be taken back by bus to the original point of departure. (See listing of Plaintiffs and their employers, attached hereto as Exhibit "A".)

4.2    Each day, the time spent in transit (from time of original reporting at the beginning of the work shift until time of disembarking the bus at the end of the shift) was approximately thirty to ninety (30-90) minutes total.

4.3    Plaintiffs allege that the time they were forced to be on the buses is compensable under the FLSA and not excluded by the Portal-to-Portal Act.

4.4    Plaintiffs were paid compensable time for a certain pre-determined time period each day (*i.e.* 7:00 a.m. - 5:30 p.m.). However, Plaintiffs were frequently required to undertake compensable activities prior to or after the pre-determined "work time" each day including, but not limited to:

a.    The Employees were required to retrieve, and put on personal protective equipment and gear (including but not limited to work gloves, goggles, monitors, safety glasses, protective clothing and the like) at home or at the park-n-ride, and then to take it off and stow it away at their homes every night.

b.  The Employees were required before work time to attend mandatory safety meetings held at the lunch tent area which would commence before the time recorded as the beginning of their compensable time.

c.  The Employees who were assigned radio equipment would have to go to offices or other areas to retrieve said equipment in the morning; and would have to return said equipment after the end of hours that they were compensated for, and/or take them home and charge them up at night.

d.  The Employees who were assigned "Nextel" or similar communication devices and were required to take them home were frequently contacted by other employees well prior to the designated compensable time to discuss work issues including but not limited to the tasks and challenges for the upcoming day.

e.  The Employees would be required to attend daily foremens' (tool box) safety meetings; would be required to attend or participate in Job Safety Analysis (JSA) or similar pre-work safety reports or discussions; would be called upon to fill out, review, or complete "START" cards or other similar safety paperwork; would be required to engage in exercise or calisthenics in order to "warm up" for the day's work; and/or would be required to attend "tool box meetings" or be "lined out" in their daily job duties, all prior to the commencement of the designated compensable time.

4.5  During these times, Plaintiffs were unable to effectively use their time for their own purposes and were performing work activities. They were under the control of their employers, and the time in question and actions taken or required of them predominantly benefitted their employers and constituted integral parts of their job duties. As such, Plaintiffs' "work day" actually began and/or ended at points outside of the pre-determined "work time" for which they actually received compensation.

4.6  Plaintiffs are Consentors in this action.

## V.
## COLLECTIVE ACTION ALLEGATIONS AS TO DEFENDANTS, CAJUN CONSTRUCTORS, INC. AND MASON CONSTRUCTION, LTD. ONLY

5.1  During the time period referenced above, and before and after, Defendants have implemented and enforced the policies referenced which required Employees to work for or after their designated compensable time working at the Motiva job, which upon information and belief amount to five-thousand (5,000) or more persons. There exists a class of persons defined as all those who have been employed by Defendants on the Motiva job from the time period May 1, 2009 and continuing; but the class shall not include the presiding judge, any persons currently employed by the United States Government and working in the offices of or on behalf of the District Clerk for the Eastern District of Texas, or in the offices of or on behalf of any judge sitting in the Eastern District of Texas, and any persons who become so employed or so work prior to the entry of a Final Judgment in this action.

5.2  The requisites of 29 USC 216 and the FLSA Collective-Action provisions have been met. The class consists of hundreds or thousands of persons, making the members so numerous that individual lawsuits by each of the members of the group would be impractical.

5.3  Further, there are common questions of law and fact common to all members of the group. These common questions include, among others: (1) Whether the time spent on the buses is compensable as a matter of law; (2) Whether Defendants should have properly included time spent outside of the pre-determined "work hours" in the day for purposes of wages; (3)  Whether Defendants have violated the Fair Labor Standards Act;

(4) Whether Defendants' actions were "willful" as defined by the Fair Labor Standards Act.

5.4  The claims of the Plaintiffs who worked for Defendants, Cajun Constructors, Inc. and Defendant, Mason Construction, Ltd., are typical of the claims of other members of the group, and they will fairly and adequately represent and protect the interest of the proposed class.  Plaintiffs who worked for Defendants, Cajun Constructors, Inc. and Defendant, Mason Construction, Ltd., have no interest antagonistic to those of the other members of the proposed class.  Plaintiffs' attorneys are qualified, experienced, and able to conduct this litigation.

5.5  The questions of law and fact common to the members of the proposed class predominate over any questions affecting only individual members.

5.6  A class or collective action is superior to other methods for the fair and efficient adjudication of the claims asserted herein, and no unusual difficulties are likely to be encountered in the management of this class action.

## VI.
## PLAINTIFFS' ALTERNATIVE/CONDITIONED COLLECTIVE ACTION ALLEGATIONS AS TO ALL DEFENDANTS EXCEPT DEFENDANTS, <u>CAJUN CONSTRUCTORS, INC. AND MASON CONSTRUCTION, LTD.</u>

6.1  Plaintiffs who worked for all defendants other than Cajun Constructors, Inc. and Mason Construction, Ltd., recognizing the fact that there is currently pending a Motion for Conditional Class Certification in Civil Action No. 1:12-cv-00228; *Jarrett Armstrong, et al vs. A&L Industrial, et al,* are willing to proceed in connection with their claims in Civil Action No. 1:12-cv-00228; *Jarrett Armstrong, et al vs. A&L Industrial, et al,* or Civil Action No. 1:12-CV-00388; *Shawn Hamilton, et al vs. A&L Industrial Services, Inc., et al* if the Motion for Conditional Class Certification is granted therein.      Hence,    pleading

conditionally, and solely in the alternative, in the event that a Conditioned Class is not certified in any prior action, Plaintiffs would assert their desire to proceed as representative Plaintiffs in a Collective Action in this matter, and in support thereof, would show:

6.2 During the time period referenced above, and before and after, Defendants have implemented and enforced the policies referenced which required Employees to work for or after their designated compensable time working at the Motiva job, which upon information and belief amount to five-thousand (5,000) or more persons. There exists a class of persons defined as all those who have been employed by Defendants on the Motiva job from the time period May 1, 2009 and continuing; but the class shall not include the presiding judge, any persons currently employed by the United States Government and working in the offices of or on behalf of the District Clerk for the Eastern District of Texas, or in the offices of or on behalf of any judge sitting in the Eastern District of Texas, and any persons who become so employed or so work prior to the entry of a Final Judgment in this action.

6.3 The requisites of 29 USC 216 and the FLSA Collective-Action provisions have been met. The class consists of hundreds or thousands of persons, making the members so numerous that individual lawsuits by each of the members of the group would be impractical.

6.4 Further, there are common questions of law and fact common to all members of the group. These common questions include, among others: (1) Whether the time spent on the buses is compensable as a matter of law; (2) Whether Defendants should have properly included time spent outside of the pre-determined "work hours" in the day for purposes of wages; (3) Whether Defendants have violated the Fair Labor Standards Act;

(4) Whether Defendants' actions were "willful" as defined by the Fair Labor Standards Act.

6.5 The claims of the Plaintiffs who worked for Defendants, Cajun Constructors, Inc. and Defendant, Mason Construction, Ltd., are typical of the claims of other members of the group, and they will fairly and adequately represent and protect the interest of the proposed class. Plaintiffs who worked for Defendants, Cajun Constructors, Inc. and Defendant, Mason Construction, Ltd., have no interest antagonistic to those of the other members of the proposed class. Plaintiffs' attorneys are qualified, experienced, and able to conduct this litigation.

6.6 The questions of law and fact common to the members of the proposed class predominate over any questions affecting only individual members.

6.7 A class or collective action is superior to other methods for the fair and efficient adjudication of the claims asserted herein, and no unusual difficulties are likely to be encountered in the management of this class action.

## VII. VIOLATIONS AND DAMAGES

7.1 Defendants have negligently or willfully failed to pay Plaintiff and other class members for time spent in employment, as more fully set forth above, in violation of the FLSA.

7.2 Defendants have negligently or willfully failed to keep adequate records of hours worked, in violation of the FLSA.

7.3 Plaintiffs are entitled to damages representing wages not properly paid, as well as an additional equal amount as liquidated damages resulting from Defendant's willful violation of the FLSA. 29 USC 207, 216(b), 255(a). Plaintiffs are further entitled to

recover their attorneys' fees, expert fees, pre-judgment and post-judgment interest on all damages, and their costs of court.

## PRAYER

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

1. For an order certifying this matter as a collective action under the Federal Rules of Civil Procedure, and appointing Plaintiffs and their counsel to represent the class;

2. For an order directing that all collective action members be notified of the pendency of this action and given an opportunity to consent to participation, at the cost of Defendants,

3. For all damages, actual, special, and incidental, that are recoverable under law as the evidence may show proper;

4. For attorney's fees in an amount deemed sufficient to cover the prosecution of this action;

5. For all costs of these proceedings and interest from date of judicial demand; and,

6. For such other and further relief, in law or in equity, as to which Plaintiffs may show themselves to be justly entitled.

Respectfully submitted,

REAUD, MORGAN & QUINN, L.L.P.
801 Laurel Street
P. O. Box 26005
Beaumont, Texas 77720-6005
(409) 838-1000
FAX (409) 833-8236


By */s/ John Werner*
    John Werner
    State Bar No. 00789720
    Attorneys for Plaintiffs