IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| KEVIN LEPAUL BECK, ET AL | § | |
| VS. | § | CIVIL ACTION NO. 1:12-CV-00556 |
| A & L INDUSTRIAL SERVICES, INC.; AEROTEK, INC.; BAKER CONCRETE CONSTRUCTION, INC.; BRAND ENERGY AND INFRASTRUCTURE SERVICES, INC.; BROCK SERVICES, LTD.; CAJUN CONSTRUCTORS, INC.; CAR-BER TESTING TEXAS, LLC; COASTAL INDUSTRIAL SERVICES, INC.; ECONOMY INSULATION CO., INC.; EMPIRE SCAFFOLD, LLC; INSULATIONS, INC.; INTEGRATED ELECTRICAL SERVICES, INC.; ISC GROUP, INC.; MASON CONSTRUCTION, LTD.; ORBITAL INDUSTRIAL INSULATION CORP.; PCL INDUSTRIAL CONSTRUCTION CO.; PERFORMANCE CONTRACTORS, INC.; RMF NOOTER, A SUBSIDIARY OF NOOTER CONSTRUCTION COMPANY; S & B ENGINEERS AND CONSTRUCTORS LTD; TETON, LTD., A PCL COMPANY; TOTAL INDUSTRIAL PLANT SERVICES, INC.; TRACER INDUSTRIES MANAGEMENT CO., INC.; TURNER INDUSTRIES GROUP, LLC | § § § § § § § § § § § § § | |

**MOTION FOR PROTECTION FROM WRITTEN DISCOVERY**

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW PLAINTIFFS, and file this Motion for Protection from Written Discovery, and respectfully show as follows:

1

I.
BACKGROUND

1. This is a putative collective action brought pursuant to §216(b) of the Fair Labor Standards Act ("FLSA"), 29 USC 201 *et seq*. This case involves facts and law analogous to, (a) *Justin Griffin v. S&B Engineers,* which was a "single plaintiff" case previously disposed of by this Court and which is currently on appeal, and (b) *Case No.* 1:12CV0028; *Armstrong, et al v. A&L Industrial Services, Inc. et al*, and *Case No. 1:12CV00388; Hamilton, et al v. A&L Industrial Services, et al,* both of which are Collective Action Complaints currently pending before Judge Clark.

2. Plaintiffs previously filed a similar Motion to Quash Defendants' Written Discovery in the *Armstrong* case, as well as a Motion for Conditional Class Certification, both of which remain pending before Judge Clark. The Motion for Conditional Class Certification in *Armstrong* seeks to certify a class of employees who were required to follow the mandatory "badging in/out busing/park&ride procedure" on the Motiva Crude Expansion Project. In regards to this Court's prior judgment in *Justin Griffin v. S&B Constructors,* which found that the time expended in the busing/park&ride procedure is not compensable, said judgment has recently been affirmed by the Fifth Circuit, and the undersigned counsel is in the process of preparing a Petition for Certiorari to the Supreme Court.

## II.
## MOTION FOR PROTECTION FROM WRITTEN DISCOVERY

3.      In this case, Defendant Turner Industries Group, LLC served Plaintiffs with Interrogatories, Request for Admissions and Request for Production.  *See* Exhibit A. Based on the posture of this case and the reasoning set forth below, Plaintiffs request that the Court enter an Order Protecting Plaintiffs from responding to Turner's discovery requests, or any other written discovery, pending further order by this Court.

4.      Like *Griffin*, *Armstrong* and *Hamilton*, the Named Plaintiffs in this action were all working on the Project during the same or similar time frame – Motiva Crude Expansion Project ("CEP"), and were required to badge in/out at the remote parking lots and follow the busing procedure to and from the Plant Site. Defendants are the various employers of Plaintiffs, which were all contractors/subcontractors working the CEP under the same terms and conditions of employment.  *See* Exhibit B – PCI-Armstrong, Bates number 0013-0043; CEP Employment Conditions, Work Rules , & Environmental, Safety and Health Handbook.  In other words, all the Defendants and their employees [including the Named Plaintiffs] were subject to the Employment Conditions and Work Rules attached as Exhibit B.

5.      The "Employment Terms and Conditions" of the CEP required Plaintiffs, and their co-workers, to "park & ride."  *See* Exhibit B, PCI- Armstrong, Bates number 0022. Specifically, as a contractual requirement of their Employment, Defendants'

3

employees --- who are the Named Plaintiffs in this matter ---- were required to park in remote parking lots, badge in, and ride buses to the project site. *See* Exhibit B, Bates number 0022, 0023. In fact, during the discovery phase in *Griffin,* Motiva provided the following relevant testimony through its corporate representative, Darryl Churchwell:

    a.    Contractor craft employees were required to park and ride buses. *See* Exhibit C –*Deposition Testimony of Motiva Corporate Representative, Darryl Churchwell*, P. 34, L. 14 – P. 35, L. 3; P. 36, L. 3-8.

    b.    Pursuant to OSHA requirements, before the contractor craft employee could board the bus, he/she had to "badge in." *See* Exhibit C, P. 52, L. 17 – P. 53, L. 6; P. 55, L. 16 – 25. In fact, there was a separate, proprietary software called C-Cure, which was strictly used for "badging in" contract craft employees at the remote park & ride locations. *See* Exhibit C, P. 55, L. 16 – 25. The General Contractor/J.V. for the CEP, was responsible for installing turnstiles at the remote parking lots that would allow the contractor craft employees to "badge in" before boarding the buses. *See* Exhibit C, P. 76, L. 18 – P. 77, L. 22.

6.     Similar to the Motion for Conditional Class Certification filed in *Armstrong,* the Named Plaintiffs in this matter will ask this Court to grant a conditional class certification for all contractor employees who were required to park and badge-in at the remote lots and ride buses to and from the plant site. In fact, should the *Armstrong* Court grant the conditional class certification and issue Notice, the Plaintiffs in this matter should be included among the recipients of said Notice. That said, in more specific regards to this Motion for Protection, the proprietary software used in the "badging in/badging out" process performed at the remote

parking lots – known as C-Cure – should show the times Plaintiffs were "badged in" and would encompass the time Plaintiffs expended participating in the busing procedure. *See* Exhibit C, P. 55, L. 16-25. Accordingly, a finding that time expended in following the busing procedure is compensable, would moot written discovery beyond determining the actual "badged in" time for each Plaintiff, which should be shown by C-Cure. Thus, Plaintiffs seek protection from Defendants' written discovery until a decision is reached on whether this matter will proceed as a Conditional Class Action, which is a decision that will be directly impacted by the Supreme Court's treatment of the *Griffin* appeal. Should the Supreme Court find that the time expended by participating in the busing/park&ride procedure is compensable, then all "badged - in" time would be compensable, and individualized discovery concerning activities Plaintiffs performed on the bus or following "badging-in" would be overbroad, irrelevant, and effectively mooted as said activities would fall within "badged-in" time. Consistent with this reasoning, Plaintiffs would direct the Court to the opinions of this district which recognize that the Eastern District of Texas is a jurisdiction that follows the approach of ordering limited, representative discovery of the named plaintiffs and opt in plaintiffs in FLSA actions. In *Nelson v. Am. Std. Inc.,* Nos. 2:07-CV-10, 2:08-CV-390, 2009 WL 4730166, at *3 (E.D. Tex. Dec. 4, 2009), after the trial court granted conditional certification, the Defendant sought "individualized discovery" from the entire class of opt-in plaintiffs. Plaintiffs sought to limit discovery to the "Discovery Plaintiffs"

5

who may be used at trial. Defendant argued that without the requested discovery, it could not develop the necessary facts to prove that Plaintiffs were not similarly situated at the decertification hearing. Defendant argued that the case was full of fact-intensive claims and defenses that did not lend themselves to representative proof, and that Plaintiffs had made no showing that responding to written discovery would be embarrassing, oppressive, unduly burdensome or expensive. Finding for Plaintiff the Court provided the following discussion:

> The Eastern District of Texas, and specifically this Court, is one of many jurisdictions that has ordered limited, representative discovery of the named plaintiffs and opt-in plaintiffs in FLSA actions. *Schiff et al. v. Racetrac Petroleum, Inc.*, 2:03-cv-402-TJW, Dkt. No. 111 (E.D. Tex. June 8, 2005) (limiting discovery to a random sample of 35 opt-in plaintiffs). Numerous other courts also have found that individualized discovery is generally not appropriate in FLSA collective actions and should be limited to a representative sample of the entire group. *See Smith v. Lowes Home Ctrs.*, 236 F.R.D. 354, 356-58 (S.D. Ohio 2006) (denying defendant's request for individualized discovery of more than 1,500 opt-ins and instead ordering a representative sample of 90 randomly selected individuals from the opt-in plaintiffs); *Cranney v. Carriage Services, Inc.*, 2008 WL 2457912 at *3-5 (D. Nev. June 16, 2008) (limiting individualized discovery to 10% of a relevant combination of workers and work sites for the opt-in plaintiffs). The Court finds that limiting discovery in a FLSA action to a relevant sample minimizes the burden imposed on the plaintiffs "while affording the defendant a reasonable opportunity to explore, discover and establish an evidentiary basis for its defenses." *Smith,* 236 F.R.D. at 357-58. Further, the Court finds that there is no due process violation to Defendant in limiting written discovery to the Discovery Plaintiffs.

7.      Unlike the situation in *Nelson,* in this case, this Court is not yet faced with the decision concerning conditional certification. However, said decision is pending in the *Armstrong* case and would most certainly be directly impacted by the Supreme Court's decision in the *Griffin* appeal. Moreover, Plaintiffs will be filing a

Motion for Conditional Class Certification in this case, and in the event this Court grants conditional certification and issues notice to the thousands of putative class members, the parties should be afforded an opportunity to reach an agreement on a sample of impacted employees to participate in written and oral discovery, including responding to a master set/representative discovery.  Representative discovery is consistent with the Fifth Circuit's characterization of a collective action as a representative action during discovery: "if the district court conditionally certifies the collective action, putative plaintiffs are given notice and the opportunity to opt-in, **after which time [emphasis added]** the action proceeds as a representative action throughout discovery.  *See Mooney v. Aramco Svcs. Co.*, 54 F. 3d 1207, 1214 (5th Cir. 1995), *overruled on other grounds by Desert Palace, Inc. v. Costa*, 539 U.S. 90, 90-91 (2003).

PRAYER

8.  Rule 26 of the Federal Rules of Civil Procedure provides the district with discretion to limit discovery considering the burden or expense of the proposed discovery versus the benefit, the needs of the case, the importance of the discovery in resolving the issues, whether the discovery sought can be discovered through other means, whether the discovery is cumulative, among other considerations. *FRCP* 26 (b) (2) (C ).  At this stage of this case, the discovery sought by Defendant(s) is not necessary.  Moreover, in the event the trial court grants the requested conditional certification and issues notice to thousands of putative class members,

7

Defendant's current discovery may very well be directed to different individuals, and permitting discovery at this time would be an undue burden and waste of time and resources.

WHEREFORE, all premises considered, Plaintiffs move the Court to grant Plaintiffs' Motion for Protection from Defendant's Written Discovery pursuant to *FRCP* 26 (c).

>              Respectfully submitted,
>
>              REAUD, MORGAN & QUINN, LLP
>              801 Laurel Street
>              P. O. Box 26005
>              Beaumont, Texas 77720-6005
>              (409) 838-1000
>              Fax (409) 833-8236
>
>              */s/ John Werner*
>                   John Werner
>                   State Bar No. 00789720
>                   Attorneys for Plaintiffs

### CERTIFICATE OF SERVICE

This is to certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this instrument via the USDC Eastern District's CM/ECF system on March 4, 2013.

>              */s/ John Werner*
>              John Werner