IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| KEVIN LEPAUL BECK, ET AL | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 1:12-CV-556 |
| | § | MAC |
| ISC GROUP, INC.; | § | |
| ORBITAL INDUSTRIAL INSULATION CORP.; | § | |
| ECONOMY INSULATION CO., INC.; | § | |
| ORBITAL INSULATION CORP. | § | |

## PLAINTIFFS' FIRST AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, CARMEN MARIA GONZALEZ-GARCIA, RONALD MCGOWIN, SERGIO GUAJARDO ZAPATA, TOMAS EDUARDO ALVAREZ, MIGUEL ANGEL BARRERA, ASHLEY WARREN BOLTON, ROBERT LEROY CARMICHAEL, MITCHEL BRYANT CASE-BUCKLE, MELVIN COPELAND, JR., ROSSY ANDERSON DAVIS, DANIEL REED DELGADO, DANIEL M. GONZALEZ, GUSTAVO GONZALEZ, JR., RICARDO LEOS, JAIME LONGORIA, JAIME VLADIMIR MACIAS, MICHAEL JUDE MOSLEY, WILLIAM GEORGE REDMOND, IV, FABIAN G. RICO, ARMANDO ANDRADE RODRIGUEZ, JESUS ANTONIO RODRIGUEZ, ABRAHAM AARON SALAZAR, APOLONIO R. SALINAS, OMAR SANCHEZ, JAMES L. SANDERS, III, GUSTAVO ADOLFO SYMONDS, DENNIS RODRICK WILSON, JERRY WAYNE YOUNG, JR., FRANCISCO ZARAGOSA, ERIC O. ACOSTA, SALOME ACOSTA-AGUIRRE, MANUEL LUNA JUAREZ, ALFREDO GUERRERO LOPEZ, FRANCISCO MARTINEZ, JOSE DELAPAZ MENDOZA and CRISTOBAL SANCHEZ PULIDO, , Plaintiffs, complaining of and against ECONOMY INSULATION CO., INC.; ISC GROUP,

INC.; and ORBITAL INSULATION CORP., Defendants, for causes of action and alleges as follows:

## I.
## JURISDICTION

1.1 This is an action under the Fair Labor Standards Act of 1938, as amended, 29 USC 201 *et seq.* (hereinafter "the FLSA"). Jurisdiction of this action is conferred on the Court under Section 16(b) of the FLSA (29 USC 216(b)), by the provisions of 28 USC 1337, and by 28 USC 1331.

## II.
## VENUE

2.1 Venue is proper pursuant to 28 U.S.C. § 1391(b), as the Eastern District of Texas is the judicial district in which a substantial part of the events giving rise to the claims occurred.

## III.
## PARTIES

3.1 Plaintiffs appear in this action on behalf of themselves.

3.2 Defendant, ISC CONSTRUCTORS, LLC, F/K/A ISC INDUSTRIAL SPECIALTY CONTRACTORS, LLC is a corporation doing business in the state of Texas and may be served with process by serving its registered agent for service in the state of Texas: CT Corporation Systems, 350 N. St. Paul Street, Suite 2900, Dallas, Texas 75201. Plaintiffs previously identified Defendant ISC GROUP, INC. as the party Defendant; however, Defendant ISC CONSTRUCTORS, LLC may in fact be the company that "employed, managed, and supervised" the Plaintiff employees listed above. To the extent FRCP 15(c)(1)(C) would apply to relate back to the original filing, Plaintiffs plead same.

3.3   Defendant, ORBITAL INSULATION CORP., is a company doing business in the state of Texas and may be served with process by serving its registered agent for service in the state of Texas: **James E. Wimberley, 3120 Central Mall Drive, Port Arthur, Texas 77642.**  Upon information and belief, Defendant ORBITAL INSULATION CORP. is the company that "employed, managed, and supervised" the Plaintiff employees listed above.  To the extent FRCP 15(c)(1)(C) would apply to relate back to the original filing, Plaintiffs plead same.

3.4   Defendant, ECONOMY INSULATIONS, INC. is before the Court.

## IV.
## FACTUAL ALLEGATIONS

4.1.   During various time periods, Plaintiffs ("the employees") performed work at the Motiva Port Arthur, Texas SBU2 Crude Expansion Project (hereinafter referred to as "the Motiva job").  Each day, Plaintiffs were required by Defendants to report for work at a certain location whereupon Plaintiffs were to get on a bus and be transported to the Motiva facility.  Later, Plaintiffs would be taken back by bus to the original point of departure.

4.2   Each day, the time spent in transit (from time of original reporting at the beginning of the work shift until time of disembarking the bus at the end of the shift) was approximately thirty to ninety (30-90) minutes total.

4.3   Plaintiffs were paid compensable time for a certain pre-determined time period each day (*i.e.* 7:00 a.m. - 5:30 p.m.). However, Plaintiffs were frequently required to undertake compensable activities prior to or after the pre-determined "work time" each day including, but not limited to:

      a.    The Employees were required to retrieve, and put on personal protective equipment and gear (including but not limited to work gloves, goggles, monitors, safety glasses, protective clothing and the like) at home or at the park-n-ride, and then to take it off and stow it away at their homes every night.

      b.    The Employees were required before work time to attend mandatory safety meetings held at the lunch tent area which would commence before the time recorded as the beginning of their compensable time.

      c.    The Employees who were assigned radio equipment would have to go to offices or other areas to retrieve said equipment in the morning; and would have to return said equipment after the end of hours that they were compensated for, and/or take them home and charge them up at night.

      d.    The Employees who were assigned "Nextel" or similar communication devices and were required to take them home were frequently contacted by other employees well prior to the designated compensable time to discuss work issues including but not limited to the tasks and challenges for the upcoming day.

      e.    The Employees would be required to attend daily foremens' (tool box) safety meetings; would be required to attend or participate in Job Safety Analysis (JSA) or similar pre-work safety reports or discussions; would be called upon to fill out, review, or complete "START" cards or other similar safety paperwork; would be required to engage in exercise or calisthenics in order to "warm up" for the day's work; and/or would be required to attend "tool box meetings" or be "lined out" in their daily job duties, all prior to the commencement of the designated compensable time.

      4.4    During the above stated times, Plaintiffs were unable to effectively use their time for their own purposes and were performing work activities. They were under the

control of their employers, and the time in question and actions taken or required of them predominantly benefitted their employers and constituted integral parts of their job duties. As such, Plaintiffs' "work day" actually began and/or ended at points outside of the pre-determined "work time" for which they actually received compensation.

## V.
## PLAINTIFFS' INDIVIDUAL CLAIMS

5.1   Defendants refused to pay Plaintiffs for the entire "work day." By way of example, Defendants refused to pay Plaintiffs for the time Plaintiffs expended with all of the work related activities described above in Paragraph 4.3

5.2   The facts set forth above demonstrate that Defendants have negligently or willfully failed to pay Plaintiffs for time spent in employment, as more fully set forth above, in violation of the FLSA.

5.3   Defendants have negligently or willfully failed to keep adequate records of hours worked, in violation of the FLSA.

5.4   Plaintiffs are entitled to damages representing wages not properly paid, as well as an additional equal amount as liquidated damages resulting from Defendant's willful violation of the FLSA. 29 USC 207, 216(b), 255(a). Plaintiffs are further entitled to recover their attorneys' fees, expert fees, pre-judgment and post-judgment interest on all damages, and their costs of court.

## VI.
## PLAINTIFFS' ALTERNATIVE/CONDITIONED
## COLLECTIVE ACTION ALLEGATIONS

6.1   Plaintiffs allege that the time they were forced to be on the buses is compensable under the FLSA and not excluded by the Portal-to-Portal Act. That said, in the *Justin Griffin v. S&B Engineers* matter, this Court and the Fifth Circuit found that

the time Plaintiffs expended adhering to the busing/transportation procedure is exempt as ordinary-home-to-work-and-back commute. The Griffin case is currently pending before the U.S. Supreme Court on Griffin's Petition for Writ of Certiorari. In the event the Supreme Court finds that the time incurred with the busing procedure is either compensable or an issue of fact for the jury, the Plaintiffs in this action reserve any and all rights to seek conditional certification of a class of all similarly situated employees who were required to adhere to the transportation procedure.

## PRAYER

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

1. For all damages, actual, special, and incidental, that are recoverable under law as the evidence may show proper;

2. For attorney's fees in an amount deemed sufficient to cover the prosecution of this action;

3. For all costs of these proceedings and interest from date of judicial demand; and,

4. For such other and further relief, in law or in equity, as to which Plaintiffs may show themselves to be justly entitled.

Respectfully submitted,

REAUD, MORGAN & QUINN, L.L.P.
801 Laurel Street
P. O. Box 26005
Beaumont, Texas 77720-6005
(409) 838-1000
Fax (409) 833-8236

*/s/ John Werner*
    John Werner
    State Bar No. 00789720
    Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

      This is to certify that a true and correct copy of the foregoing document has been sent to all known counsel of record and/or parties of record via the EM/ECF Filing System and/or via fax transmittal and/or certified mail, return receipt requested at the addresses listed below pursuant to the Federal Rules of Civil Procedure on July 12, 2013.

Darren L. Brown
Provost*Umphrey, PLLC
490 Park Street
Beaumont, TX   77701

Jim Wimberley
McPherson Monk Hughes Bradley & Wimberley, LLP
3120 Central Mall Drive
Port Arthur, TX   77640

*/s/ John Werner*
John Werner