| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |
|---|---|

KEVIN LEPAUL BECK, *et al.*, §
§
    Plaintiffs, §
§
*versus* §   CIVIL ACTION NO. 1:12-CV-556
§
A&L INDUSTRIAL SERVICES, INC., *et al.*, §
§
    Defendants. §

## ORDER

    The court orders Plaintiffs' claims against Orbital Industrial Insulation Corp., be severed into a separate lawsuit.

    This case is one of several actions pending in the Eastern District of Texas involving plaintiffs employed by contractors to work at the Motiva Port Arthur, Texas, SBU2 Crude Expansion Project ("Motiva"). Plaintiffs allege that while employed by their respective employers, they performed compensable work under the Fair Labor Standards Act ("FLSA") prior to and after the official, predetermined work day. Specifically, Plaintiffs assert that time spent while riding a bus from a designated parking lot off campus to and from the Motiva facility as well as time spent completing activities such as donning and doffing safety gear or attending safety meetings was compensable under the FLSA.

    Rule 21 authorizes a district court to "sever any claim against a party." FED. R. CIV. P. 21. The district court has broad discretion in considering whether to sever a claim. *Brunet v. United Gas Pipeline Co.*, 15 F.3d 500, 505 (5th Cir. 1994). A court's determination as to whether it should sever a plaintiff's claims pursuant to Rule 21 entails considerations similar to those under Rule 42 (seeking a separate trial):

> (1) whether the claims arise out of the same transaction or occurrence; (2) whether the claims present some common question of law or fact; (3) whether the settlement of the claims or judicial economy would be facilitated; (4) whether prejudice would be avoided if severance were granted; and (5) whether different witnesses and documentary proof are required for the separate claims.

*Disparte v. Corporate Exec. Bd.*, 223 F.R.D. 7, 12 (D.D.C. 2004) (quoting *Morris v. Northrop Grumman Corp.*, 37 F. Supp. 2d 556, 580 (E.D.N.Y. 1999)); *accord Paragon Office Servs., LLC v. UnitedHealthcare Ins. Co.*, No. 3:11-CV-2205, 2012 WL 4442368, at * 1 (N.D. Tex. Sept. 26, 2012); *Aspen Tech., Inc. v. Kunt*, No. 4:10-CV-1127, 2011 WL 86556, at *2 (S.D. Tex. Jan. 10, 2011). The court finds that the above-listed factors weigh in favor of severance in this situation. Given that the defendant employers have separate pay policies and practices, judicial efficiency will be best served by severing the defendant in this case.

After severance, the lawsuit shall remain in this court. The amended complaint (#105) shall be docketed with the new lawsuit. The additional filing fee for the new case will be waived in this instance.

SIGNED at Beaumont, Texas, this 24th day of October, 2013.

*Marcia A. Crone*
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE